UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBBIN PERKINS, an
Individual,

       Plaintiff,                  Case No. 1:14-cv-_____

vs.

ROCK-TENN COMPANY,
a corporation,

       Defendant.

William F. Piper (P38636)
William F. Piper, P.L.C.
**Attorney for Plaintiff**
1611 West Centre Avenue, Suite 209
Portage, MI 49024
Phone: 269.321.5008
Fax: 269.321.5009

## COMPLAINT

The plaintiff Robbin Perkins, by and through her attorney William F. Piper, Esq., for her complaint says as follows:

## JURISDICTIONAL ALLEGATIONS

1.    The plaintiff Robbin Perkins is an individual who is a resident of the City of Battle Creek, County of Calhoun, State of Michigan, and she resided therein at all times relevant to this complaint.

2.    The defendant Rock-Tenn Company is a corporation that did business in the County of Calhoun at all times relevant to this complaint.

1

3.     The defendant is subject to the requirements of the Equal Pay Act, 29 U.S.C. §203 et. seq.

4.     The defendant is also subject to the requirements of the law commonly known as COBRA.

5.     The complaint in this matter arises in part under the Equal Pay Act, 29 U.S.C. §203 et. seq. and the law commonly known as COBRA.

6.     Jurisdiction arises under 28 U.S.C. §1331 and 28 U.S.C. §1343.

7.     Certain claims in this lawsuit arise under this court's supplemental jurisdiction to hear and decide state law claims arising under the same transactions and occurrences as the federal law claims.

8.     The claims in this lawsuit arise out of Ms. Perkins' employment by the defendant in Calhoun County.

## COMMON ALLEGATIONS

9.     The plaintiff restates and realleges as though fully set forth herein paragraphs 1-8 of this Complaint.

10.    The defendant hired Ms. Perkins on August 19, 2010 to be its shipping superintendent in its Calhoun County facility.

11.    Ms. Perkins did a good job for the defendant at all times that she worked for it, which her performance evaluations reflected.

12.    In June 2011, after being accused falsely of not ordering some seals, which was not her job to do, an employee called Ms. Perkins a "liar" and a "worthless fucking bitch."

13.    Ms. Perkins complained about the employee and asked that he be disciplined, but the defendant refused to do so.

14.    In approximately September 2012 the defendant fired its safety director, and then it told Ms. Perkins that she would now be the security manager for the mill in addition to her regular duties.

15.    The defendant did not give Ms. Perkins extra compensation for performing the Security Manager job.

16.    In approximately September 2013 the defendant placed Ms. Perkins in charge of recertifying all employees on all of the industrial powered equipment.

17.    The defendant did not give Ms. Perkins no extra compensation for being the Industrial Powered Truck Manager.

18.    Ms. Perkins was working 70 hours a week or more in order to complete all of her job duties.

19.    Ms. Perkins complained on several occasions that she was overworked and needed some employees to assist her, but the defendant did not provide that to her.

20.    On February 28, 2014, after receiving unjustified criticism that she was missing too much time from work, Ms. Perkins resigned.

21.    The defendant then immediately cancelled Ms. Perkins' health insurance.

22.    The defendant did not provide Ms. Perkins any notice whatsoever, much less that required under COBRA, about continuing her health insurance.

23.     Ms. Perkins thereafter incurred health care costs that were not covered by insurance.

24.     The defendant, upon information and belief, hired a man to replace Ms. Perkins in the shipping superintendent job at a salary well above what it had paid her.

25.     The defendant then replaced Ms. Perkins Security Manager and Industrial Powered Truck Manager jobs with men, upon information and belief.

26.     As a result of the unlawful sex discrimination and COBRA violations set forth above, Ms. Perkins has suffered and will continue to suffer a loss of income and benefits, emotional distress, anger, alienation, a loss of confidence and other economic and intangible damages.

**COUNT I - EQUAL PAY ACT VIOLATIONS
AND SEX DISCRIMINATION**

27.     The plaintiff restates and realleges as though fully set forth herein paragraphs 1-26 of this complaint.

28.     During her employment by the defendant, the plaintiff had the same job duties or substantially similar job duties, requiring in fact more skill, effort and responsibility, under the same or similar working conditions, as her several male replacements.

29.     The defendant nonetheless had provided to Ms. Perkins substantially less in money and benefits than it provided her male replacements.

30.     The defendant's conduct of providing Ms. Perkins substantially less in money and benefits than her male replacements constitutes sex discrimination.

31.     The sex discrimination set forth above was willful and knowing.

32.     The defendant's aforementioned unlawful conduct violates the Equal Pay Act, 29 U.S.C. §203 et. seq. or the Minimum Wage Law of 1964, MCL 408.381 et. seq. and the Elliott-Larsen Civil Rights Act, MCL 37.2101 et. seq.

33.     As a result of the defendant's unlawful conduct, the plaintiff suffered and will continue to suffer the damages set forth above.

WHEREFORE, the plaintiff requests a judgment against the defendant for whatever amount is sufficient to compensate her for her injuries and damages, liquidated (double) damages, plus costs, reasonable attorney's fees, pre-judgment interest, interest, and any other relief this court deems fair and just.

## COUNT II - COBRA VIOLATIONS

34.     The plaintiff restates and realleges as though fully set forth herein paragraphs 1-33 of this complaint.

35.     After Ms. Perkins resigned, the defendant did not send her the required letter notifying her of her right to continue her health insurance after cancellation of it or even notify her of the cancellation of it when that happened.

36.     As a result of these failures, Ms. Perkins did not know that she had to pay premiums to continue her health insurance, and she was rendered uninsured for subsequent health care costs.

37.     This case is actionable under 29 U.S.C. §1132.

WHEREFORE, the plaintiff requests a judgment against the defendants to include $100.00 a day in sanctions plus payment of uncovered medical expenses of

Ms. Perkins plus interest, costs, attorney's fees and any other relief this court deems fair and just.

Dated: January 5, 2015          WILLIAM F. PIPER, PLC.
                                           Attorney for Plaintiff


By:    /s/ William F. Piper
         William F. Piper (P38636)
BUSINESS ADDRESS:
         1611 West Centre Ave., Ste 209
         Portage, Michigan 49024
         Phone: 269.321.5008
         Fax: 269.321.5009

6